IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| **STEPHANIE ZIEGLER,**<br><br>Plaintiff,<br>                vs.<br><br>**AVONWORTH SCHOOL DISTRICT; MIKE MANCUSO**, in his individual capacity; and **ANDREA PATTON,** in her individual capacity,<br><br>Defendants. | Case No. 2:24-cv-61<br><br>**COMPLAINT IN CIVIL ACTION FOR DAMAGES**<br><br>Fed.R.Civ.P. 38(b)(1) Notice of Demand for Trial by Jury |

**COMPLAINT IN CIVIL ACTION**

NOW COMES, the Plaintiff and in compliance with Fed.R.Civ.P. 9(c), files the within Complaint in Civil Action for Damages against the Defendants as follows:

1. The Plaintiff is Stephanie Ziegler ("ZIEGLER"). ZIEGLER is an adult female individual who resides in Allegheny County, Pennsylvania.

2. The First Defendant is Avonworth School District ("AVONWORTH"). AVONWORTH is located in Pittsburgh.

3. The Second Defendant is Mike Mancuso ("MANCUSO"). MANCUSO was at all times relevant hereto, the Head Boys' Varsity Basketball Coach at AVONWORTH.

4. The Third Defendant is Andrea Patton ("PATTON"). PATTON was at all time relevant hereto, the Athletic Director at AVONWORTH.

5. AVONWORTH employs 15 or more people and has done so for the required period under Title VII.

6. This Court has personal jurisdiction over all parties, as they each either live and/or work in Allegheny County, Pennsylvania.

7. This Court has subject-matter jurisdiction of the within Claims due to the alleged violations of federal law (e.g., Title VII). This Court has supplemental subject matter jurisdiction due to the facts which give rise to the federal claims, also bringing rise to claims under Pennsylvania law.

8. Venue is proper in the Pittsburgh Division of this Court, as the within Claims arose in Allegheny County, Pennsylvania.

**Facts of the Case**

9. On October 5, 2022 ZIEGLER was asked to interview with the Boys' Head Varsity basketball coach, MANCUSO, for the position of Boys' Head Middle School basketball coach.

10. On October 10, 2022, ZIEGLER was informed that she was hired as the Boys' Head Middle School basketball coach, and she was asked by PATTON to submit ZIEGLER's clearances.

11. On October 12, 2022, PATTON confirmed that she was in receipt of ZIEGLER's clearances. That same day, PATTON conferenced to ZIEGLER regarding, and then included ZIGLER on a communication about, the hiring of her own assistant coach.

12. On October 15, 2022, ZIEGLER conversed MANCUSO regarding coaching strategies and logistics. ZIEGLER was told that MANCUSO would meet with ZIEGLER about those ideas in the coming weeks.

13. On November 4, 2022, ZIEGLER was included on an email from MANCUSO to Pamela Robinson (believed to be an employee of AVONWORTH) regarding open gym training for the students, as well as try-outs.

14. Between October 10 and November 8, 2022, ZIEGLER ran six (6) open gym practices for the students. ZIEGLER was the only adult present and authorized to take the children from school grounds for purposes of conditioning.

15. Defendants also publicly named ZIEGLER as the new school coach during one of the open gym sessions.

16. On November 17, 2022, Defendants replaced ZIEGLER with a man, Tom Lullich.

17. ZIEGLER was told by PATTON that she was "overqualified for the position" as the reason the Boys' Head Middle School coaching position was given to Mr. Lullich, even though ZIEGLER was already publicly named as the coach and ZIEGLER had already started working.

18. Plaintiff asks that Defendants be required to provide Plaintiff with any and all relief she may be entitled to under Title 7 and/or the Pennsylvania Human Relations Act ("PHRA") and/or the Fair Labor Standards Act ("FLSA") and/or the Equal Pay Act ("EPA") and/or the Pennsylvania Minimum Wage Act ("MWA"), and any other applicable laws including but not limited to damages for lost past and future wages, other economic damages, compensatory damages and punitive damages, pain and suffering, embarrassment, humiliation, attorney fees and costs, and any other relief permitted by applicable law.

19. These causes of action follow:

## COUNT I

**Title VII and PHRA, Sex Discrimination**

20. All other paragraphs of this lawsuit are incorporated.

21. ZIEGLER is a female, and qualified for the position of Boys' Head Middle School basketball coach at AVONWORTH. She has extensive experience in the field.

22. Defendants violated these statutes because AVONWORTH wrongfully deprived ZIEGLER from being its Boys' Head Middle School Basketball Coach, and MANCUSO and PATTON aided and abetted AVONWORTH in doing so.

23. AVONWORTH violated these statutes when it terminated and/or failed to hire ZIEGLER on or around November, 2022, which it would not have done so if ZIEGLER was a male.

24. MANCUSO and PATTON aided and abetted (under the PHRA) AVONWORTH's unlawful termination and/or failure to hire ZIEGLER.

25. MANCUSO and PATTON's acts and/or omissions were undertaken in the interests of AVONWORTH.

26. Causation can be inferred by way of ZIEGLER being qualified for the position, by ZIEGLER being at least as qualified as the individual who replaced her for the position, by ZIEGLER being publicly named as Head Boys' Middle School basketball coach, and ZIEGLER beginning work as the Head Boys' Middle School basketball coach.

## COUNT II

**FLSA and Pennsylvania Minimum Wage Act, Failure to Pay Minimum Wage**

27. All other paragraphs of this lawsuit are incorporated.

28. MANCUSO and PATTON's acts and/or omissions were undertaken in the interests of AVONWORTH, exposing them to individual liability under the FLSA and MWA.

29. ZIEGLER was not paid any wages for her work for AVONWORTH, including but not limited to running open-gyms, reviewing documents with basketball plays she received from MANCUSO, and reaching out to other schools to try to set up scrimmages, which work she completed in October and November, 2022, and for which work ZIEGLER had an understanding with Defendants that she would be compensated for, and Defendants were aware that ZIEGLER was undertaking this work with the expectation of payment.

30. While the exact payment amount was yet to be determined, AVONWORTH was required to pay ZIEGLER, at a minimum, the state minimum wage, which it failed to do by failing to pay her any wages for her work for AVONWORTH in October and November, 2022, in violation of the FLSA and MWA.

31. Defendants' failure to pay ZIEGLER constitutes a violation of the FLSA, and MWA.

32. Defendants' failure to pay ZIEGLER in violation of the FLSA and MWA was willful.

## COUNT III

### Equal Pay Act

33. All other paragraphs of this lawsuit are incorporated.

34. ZIEGLER was paid nothing for her work for AVONWORTH (e.g., running numerous open-gyms) in October and November, 2022.

35. Upon information and belief, the male individual who is currently in the AVONWORTH Head Middle School Boys' Basketball Coach position is being paid some amount of money to perform his work in that position, which amount, regardless of

what it is, is more than the $0.00 that ZIEGLER received for her work for AVONWORTH in October and November, 2022.

36. MANCUSO and PATTON's acts and/or omissions were undertaken in the interests of AVONWORTH, exposing them to individual liability under the Equal Pay Act ("EPA").

37. Defendants' failure to pay ZIEGLER any amount for her work, while later paying a male some amount for the same work, was because ZIEGLER is a female.

38. Defendants' failure to pay ZIEGLER any amount for her work constitutes a violation of the EPA.

39. Defendants' failure to pay ZIEGLER any amount for her work in violation of the EPA was willful.

WHEREFORE, Plaintiff, Stephanie Ziegler respectfully requests JUDGMENT in her favor and against that of the Defendants, jointly and severally where appropriate, and that DAMAGES be assessed against the Defendants, jointly and severally where appropriate to the fullest extent possible under applicable law, including but not limited to as follows:

A. Wage damages under Title VII, the PHRA, the FLSA, Equal Pay Act, and the MWA;

B. Compensatory damages under Title VII, the PHRA, and FLSA;

C. Punitive damages under Title VII, the EPA, the FLSA, and MWA;

D. Liquidated damages under the FLSA, Equal Pay Act, and the MWA;

E. Costs of suit;

F. Attorney fees;

G. Pre-judgment interest;

    H.     Post-judgment interest; and

    I.     Any and all other relief permitted by applicable law

JURY TRIAL DEMANDED.

Respectfully submitted,

**THE TRIAL LAW FIRM, LLC**

**By:/s/Mart Harris**
Mart Harris, Esquire
Pa. Id. No. 319504
445 Fort Pitt Boulevard, Suite 220
Pittsburgh PA 15219
412.588.0030 (p)
412.265.6505 (f)
MH@TLawF.com
*Trial Lawyer for Stephanie Ziegler*